IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TADESSE BAYENE, | ) | 8:11CV247 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| FARMLAND FOODS, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

    Plaintiff filed his Complaint in this matter on July 15, 2011. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I.  BACKGROUND AND SUMMARY OF COMPLAINT**

    Plaintiff filed his Complaint on July 15, 2011, against one Defendant, Farmland Foods, Inc. ("Farmland"), Plaintiff's former employer. (Filing No. 1 at CM/ECF pp. 2-3.) Condensed and summarized, Plaintiff alleges that Farmland wrongfully terminated and defamed him. (*Id*. at CM/ECF p. 2.) Plaintiff previously pursued his claims against Farmland and now seeks a "fair decision in his favor because NE wrongfully dismissed his case." (*Id*. at CM/ECF p. 4.) Plaintiff states that his case has been dismissed a "total of 7 times." (*Id*. at CM/ECF p. 5.)

    Indeed, Plaintiff has litigated his claims in this court before. In particular, Plaintiff filed a complaint against Farmland on March 1, 2005. (Case No. 8:05CV91, Filing No. 1.) After service of process, Farmland filed a motion to dismiss. (Case No. 8:05CV91, Filing No. 12.) In addressing the motion to dismiss, this court summarized the background of Plaintiff's litigation against Farmland as follows:

On September 15, 2000, the plaintiff, who is Ethiopian, filed Case No. 8:00cv486 in this court, alleging that his race, national origin and/or color constituted a motivating factor in the decisions by Farmland Foods, Inc. to suspend, and then to discharge, the plaintiff from his job as a trimmer in the defendant's Night Bone Department. The plaintiff also, or in the alternative, alleged that Farmland Foods, Inc. made the adverse employment decisions at issue in retaliation for a charge of racial discrimination previously filed by the plaintiff with the Iowa Civil Rights Commission in June of 1999.

In Case No. 8:00cv486, District Judge Laurie Smith Camp denied the Motion for Summary Judgment filed by Farmland Foods, Inc., and the court entered an order setting the case for trial. However, shortly before the scheduled trial, Farmland Foods, Inc. and its affiliates filed for bankruptcy protection in the United States Bankruptcy Court for the Western District of Missouri. Because the automatic stay under the United States Bankruptcy Code precluded further litigation against the bankruptcy debtors and their assets, Judge Smith Camp entered an order transferring Case No. 8:00cv486 to the United States District Court for the Western District of Missouri for referral, if appropriate, to the Bankruptcy Court where the Farmland bankruptcy cases were pending. The United States District Court for the Western District of Missouri docketed the transferred case as Case No. 4:02cv592-FJG in that district. This court closed the file in Mr. Beyene's case upon the transfer of the case out of this district.

In filing nos. 12 and 13, the defendant has provided evidence concerning what happened to Mr. Beyene's case against Farmland Foods, Inc. in the United States Bankruptcy and District Courts for the Western District of Missouri. The Bankruptcy Court confirmed a Plan of Reorganization for the Farmland debtors including Farmland Foods, Inc. (filing no. 13, Exhs. 6 and 7). The Plan provided procedures for resolving disputed claims against the debtors' estates (id., Exh. 6 at Art. VIII). Those procedures included authority delegated to a Liquidating Trustee to object to claims against the debtors and to prosecute objections to the allowance of proofs of claim (id.).

2

> On March 24, 2004, Mr. Beyene filed proof of claim No. 9233 in the bankruptcy proceedings (filing no. 13, Exh. 8). On August 20, 2004, the Liquidating Trustee filed an objection to Mr. Beyene's proof of claim (id., Exh. 9). When the plaintiff failed to respond to the objection, the Bankruptcy Court sustained the Trustee's objection to the plaintiff's claim and disallowed the plaintiff's claim (id., Exh. 10), meaning that Mr. Beyene could not participate in the distribution of any assets from the debtors' estates. See, e.g., Hawxhurst v. Pettibone Corp., 40 F.3d 175,179 (7th Cir. 1994) ("a disallowed claim may not share in the distribution of the debtor's assets in bankruptcy").
>
> Thereafter, on October 26, 2004, the Trustee filed a Motion to Dismiss Case No.4:02cv592-FJG in the United States District Court for the Western District of Missouri (i.e., the case which had started out as Beyenne v. Farmland Foods, Inc., No. 8:00cv486, in this court, and which had been transferred to Missouri from this court) (filing no. 13, Exh. 11). Mr. Beyene objected to the motion to dismiss (id., Exh. 12). However, on December 11, 2004, the District Court granted the Trustee's Motion to Dismiss, and entered an Order dismissing the plaintiff's lawsuit against Farmland Foods, Inc. (Id., Exh. 14).

(Case No. 8:05CV91, Filing No. 22 at CM/ECF pp. 1-3.) This court then dismissed Plaintiff's case. (Case No. 8:05CV91, Filing Nos. 22 and 23.) In doing so, the court stated:

> The plaintiff did not appeal the disallowance of his proof of claim by the Bankruptcy Court or the dismissal of his case by the Missouri federal District Court. As a result, his claim against Farmland Foods, Inc. and its successor entities has been extinguished and cannot be relitigated in this court. See generally Siegel v. Federal Home Loan Mortg. Corp., 143 F.3d 525, 529 (9th Cir. 1998): "[T]he allowance or disallowance of 'a claim in bankruptcy is binding and conclusive on all parties or their privies, and being in the nature of a final judgment, furnishes a basis for a plea of res judicata.'... [T]he allowance or disallowance of a claim in bankruptcy should be given like effect as any other judgment of a competent court, in a subsequent suit against the bankrupt or any one in privity with him." (Citations and internal quotation marks omitted.)

3

(Case No. 8:05CV91, Filing No. 22 at CM/ECF p. 3.)

Most recently, Judge Strom dismissed Plaintiff's case alleging the same state-law defamation claims against Farmland because Plaintiff failed to submit evidence showing that the amount in controversy exceeded $75,000.00. (Case No. 8:10CV256, Filing Nos. 13 and 14.)

## II.     APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

4

### III. DISCUSSION OF CLAIMS

*1.    Wrongful Termination*

Liberally construing the Complaint, Plaintiff reasserts his wrongful termination claim seeking a "fair decision in his favor because NE wrongfully dismissed his case." (Filing No. 1 at CM/ECF pp. 2, 4.) As discussed above, Plaintiff's wrongful termination claim against Farmland has been extinguished and cannot be relitigated in this court. (*See* Case No. 8:05CV91, Filing No. 22.) Accordingly, Plaintiff's wrongful termination claim is dismissed with prejudice.

*2.    Defamation*

Plaintiff also reasserts his state-law defamation claim against Farmland. (Filing No. 1 at CM/ECF p. 2.) "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Subject matter jurisdiction may be proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction.[1] For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a). Where a complaint "alleges a sufficient amount in controversy to establish diversity jurisdiction, but the opposing party or the court questions whether the amount alleged is legitimate, the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *Trimble v. Asarco, Inc.*, 232 F.3d 946, 959-60 (8th Cir. 2000) (quotation omitted), *abrogated on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005). In addition, "[n]o

---

[1] Subject matter jurisdiction is also proper where a plaintiff asserts a "non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest S.D. Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). As discussed above, Plaintiff's wrongful termination claims are dismissed with prejudice. Thus, the court lacks federal question jurisdiction.

5

presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims." *Id.* (quotation omitted).

Here, Plaintiff has failed to allege that his citizenship is different from that of Farmland. More importantly, Plaintiff does not allege a sufficient amount in controversy because the only relief he seeks is "fair decision in his favor." (Filing No. 1 at CM/ECF p. 5.) In light of this, and Plaintiff's previous failure to establish subject matter jurisdiction for defamation claims against Farmland, there is no doubt that court lacks jurisdiction. (*See* Case No. 8:10CV256, Filing Nos. 13 and 14.) Because Judge Strom gave Plaintiff the opportunity to cure the amount in controversy problem once before and Plaintiff failed to do so (*id.*), and because Plaintiff reasserts the same defamation claim again (in an apparent effort to avoid Judge Strom's ruling), it is evident that dismissal without prejudice at this time is the proper remedy.

IT IS THEREFORE ORDERED that:

1. Plaintiff's wrongful termination claims are dismissed with prejudice.

2. Plaintiff's defamation claims are dismissed without prejudice because this court lacks subject matter jurisdiction.

3. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 11th day of August, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

6

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.